THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Allen Armfield, Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-559  
 Submitted December 1, 2011  Filed
December 13, 2011

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia;
 and Solicitor Barry J. Barnette of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Allen Armfield appeals his conviction for
 second-degree criminal sexual conduct with a minor.  Armfield argues the trial
 court erred in admitting his statement into evidence and refusing to give the
 jury his requested jury charge.  We affirm.[1]
1.  We find the
 trial court did not abuse its discretion in admitting Armfield's statement to
 police.  A trial court's factual findings as to the voluntariness of a
 statement will not be disturbed on appeal unless they constitute an abuse of
 discretion.  State v. Von Dohlen, 322 S.C. 234, 243, 471 S.E.2d 689, 695 (1996).  Among these circumstances, the court may
 consider police coercion; the length of interrogation; its location; its
 continuity; and the defendant's maturity, education, and mental health.  State
 v. Goodwin, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) (citing Winthrow
 v. Williams, 507 U.S. 680, 693 (1993)).  Here, the evidence presented
 establishes Armfield freely and voluntarily gave his statement to police. 
 Initially, Armfield's interview with police lasted only forty minutes and
 within ten minutes Armfield had confessed to police.  Additionally, when
 Armfield arrived at the interview, he was neither confined to the interview
 room nor was he under arrest.  Further, Armfield admits he was never threatened
 with physical harm.  Moreover, as a fifty-three-year-old man with twelve years
 of education, Armfield's personal characteristics do not present any
 circumstances that would make him more susceptible to making an involuntary
 statement due to coercion.  Accordingly, the trial court did not err in
 admitting Armfield's statement.
2.  Because the trial court
 is required to charge only the current and correct law of South Carolina, we
 find the trial court did not err in refusing Armfield's improper bolstering
 jury charge.  State v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 303
 (2002).    
AFFIRMED.
FEW, C.J., THOMAS
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.